# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1345V
Filed: November 21, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JOAN WITKOWSKI, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Influenza ("Flu") Vaccination |
| v. | * | Shoulder Injury Related to Vaccine |
| | * | Administration ("SIRVA"); |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Franklin John Caldwell, Jr.*, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On November 9, 2015, Joan Witkowski ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered right sided bursitis and a focal, partial thickness tear in the posterior supraspinatus tendon at the distal bursal surface caused by the influenza vaccination she received on October 23, 2014. Petition at ¶¶ 1, 5-6. Petitioner further alleges that she received the vaccination in the United States, has suffered the residual effects of her injury for more than six months, and neither she nor any other party has brought an action for her vaccine related injuries. *Id.* at ¶¶ 1, 7, 10-11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 21, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.[3]  Specifically, respondent "has concluded that petitioner's alleged injury is consistent with SIRVA; that a preponderance of evidence establishes that her SIRVA was caused-in-fact by the flu vaccination she received on October 22, 2014; and that no other causes for petitioner's SIRVA were identified."  *Id.* at 2-3 (citation omitted).  Furthermore, respondent believes that "petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.* at 3.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent's Rule 4(c) Report at 1.  Respondent notes the vaccination records show petitioner received her influenza vaccine on October 22, 2014 rather than October 23, 2014 as alleged.  *See id.* at 1 n.1