# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1345V
Filed: April 28, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOAN WITKOWSKI, \* | |
| \* | |
| Petitioner, \* | |
| v. \* | |
| \* | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, \* | |
| \* | |
| Respondent. \* | |
| \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Franklin John Caldwell, Jr.*, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 9, 2015, Joan Witkowski ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered right sided bursitis and a focal, partial thickness tear in the posterior supraspinatus tendon at the distal bursal surface caused by the influenza vaccination she received on October 23, 2014. Petition at ¶¶ 1, 5-6. On January 12, 2017, the undersigned issued a decision awarding compensation to petitioner based respondent's proffer to which petitioner agreed. (ECF No. 36).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 6, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 41). Petitioner requests attorneys' fees in the amount of **$20,600.60** and attorneys' costs in the amount of **$1,731.74** for a total amount of **$22,332.34**.  *Id.* at ¶¶ 2-3, 9.  In compliance with General Order #9, petitioner has filed a signed statement indicating he incurred no out-of-pocket expenses.[3]  *See* Exhibit 24, filed as 4th Attachment to Pet. Motion (ECF No. 41).  On April 6, 2017, respondent filed a response to petitioner's motion.  (ECF No. 42).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner filed a reply on April 7, 2017. (ECF No. 43).

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, but the undersigned finds cause to reduce the requested hourly rate for petitioner's counsel for time spent traveling.

Petitioner requests the full hourly rate for time petitioner's counsel spent traveling.  *See* Exhibit 22, filed as 2nd Attachment to Pet. Motion, at 4 (2nd entry dated 6/16/2015 and entry dated 6/18/2015).  Petitioner has, however, properly separated time spent traveling from time spent by petitioner's counsel performing substantive work.  *See id.*

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).  "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling."  *Id.*  In this case, all travel time which occurred in 2015 will

---

[3] Additionally, in accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. Pet. Motion at ¶ 6.

2

be compensated at 50% of the usual hourly rate for petitioner's counsel, $300.  Thus, the amount awarded for attorneys' fees is reduced by **$1,095.00**, reflecting a reduction in hourly rate from $300 to $150 for this travel time.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Accordingly, the undersigned awards **$19,505.60** in attorneys' fees and **$1,731.74** in attorneys' costs for a total award of **$21,237.34**[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Franklin John Caldwell, Jr.  Per petitioner's request, the check shall be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.